**Dmitry Lapin, Esq. (NY, NJ, PA, and ME)**
535 N. Church Street #304
West Chester, PA 19380
(917)-979-4570
dmitry@axenfeldlaw.com



**VIA ECF**
March 29, 2024

Hon. Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   **XYZ Corp., v. Individuals, et. al.,**   (Dkt # 1:24-cv-01962-LGS)
Motion to Adjourn the Preliminary Injunction Hearing
Motion for Alternative Service of Process
Motion to Permit Law Student Rachel Mihlstin to Appear on This Matter

Dear Hon. Schofield:

      This office represents Plaintiff in the above referenced copyright infringement action against Defendants, who have infringed upon Plaintiff's rights by selling products through their e-commerce storefronts. On March 19, 2024, the Court entered a Temporary Restraining Order (the "TRO") [Doc. No. 9], requiring Etsy, Inc., ("Etsy") and the Financial Institutions to restrain Defendants' online seller's accounts. Among other items, the Court set forth a preliminary injunction hearing for April 3, 2024. Etsy was served with, and received the TRO, on March 20, 2024. Although the TRO required Etsy to respond within five days of receipt of the TRO, Etsy's response was not received until approximately 11pm on March 28, 2024.

      As such, Plaintiff has only now received Defendants' contact information. Moreover, Etsy has not yet provided all of the information that it was ordered to produce as part of the TRO, *e.g.*, information relating to Defendants' connected accounts with financial institutions. Therefore, Plaintiff has not had any opportunity to serve any financial institutions as Plaintiff does not know which financial institution is connected to any Defendant. Additionally, no Defendant has been served with the TRO, thus implicating their opportunity to appear in this matter and/or oppose the issuance of a preliminary injunction.

      For the aforementioned reasons, it is respectfully requested that the Court 1) adjourn the April 3, 2024, preliminary injunction hearing until April 17, 2024, 2) require any defendant that wishes to modify or dissolve the TRO to serve its notice on or by April 12, 2024, and 3) extend the deadline for any opposing papers to filed on or before April 15, 2024. This is Plaintiff's first request for an adjournment of this hearing.

      Plaintiff also moves the Court for leave to serve certain Defendants by alternative methods, namely registered e-mail to their now known e-mail addresses which are connected to their Etsy accounts. In briefly reviewing the information thus far received from Etsy, it is clear that certain Defendants are located in the United States, Canada, United Kingdom, Hong Kong, Australia, Vietnam, and other countries that are 1) members to the Hague Convention on the Service of Process Abroad, and 2) do not object to service of process by postal channels.

Hon. Lorna G. Schofield
March 29, 2024
**2** | P a g e



  As for the Defendants residing in the United States, Fed. R. Civ. P. 4(e)(1) provides that a defendant residing in the United States may be served according to the procedures allowed by state law in the state where the district court is located. New York C.P.L.R. allows for alternative service when traditional service is "impracticable." See N.Y. C.P.L.R. § 308(5). *GPAcoustics (US), Inc. v. J&V Audio,Inc*. 2017 WL 11570459 at *2 (S.D.N.Y 2017), quoting *Snyder v. Alternate Energy Inc*., 857 N.Y.S. 2d 442, 446 (Civ.Ct.2008). In order to grant the instant motion as it relates to the individuals/entities based in the United States, a movant must show that service on Defendants' email address meets the constitutional requirements of due process and that traditional service is "impracticable." Impracticability "does not require proof of due diligence or of actual prior attempts to serve a party" under conventional methods. *Shamoun v. Mushlin,* 2013 WL 91705, at *2 (S.D.N.Y. 2013).

  Initially, it is worth noting that service of process by e-mail is the most practical option as there are numerous Defendants in different parts of the country. It would also be impractical to attempt service of process through traditional avenues under the presence circumstances considering that 1) many of the Defendants have multiple addresses associated with their accounts – thereby potentially multiplying Plaintiff's efforts to effectuate service of process, and 2) the short time period in which Defendants would have to appear in this matter, file any opposition, etc., prior to the preliminary injunction hearing.

  Fed. R. Civ. P. (4) governs service on international Defendants. Plaintiff may serve international defendants pursuant to Fed. R. Civ. P. 4(f)(3), which enables a court to grant an alternative method of service so long as it: "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480, at *7 (S.D.N.Y. Feb. 8, 2009). Notably, service under subsection 4(f)(3) "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Sulzer Mixpac AG v. Medenstar Indus. Co*., 312 F.R.D. 329, 330 (S.D.N.Y. 2015). The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court. *Id.*

  Ultimately, service on Defendants by electronic means comports with due process, as it is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections*." Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 309 (1950).  This is particularly true when service is effectuated through a service provider that send the e-mail as a registered e-mail whereby a delivery receipt will be provided, as well as when the Defendant actually opens the email. Additionally, this Court, as well as courts in other Districts, have held that service by e-mail is appropriate and may be the sole means of effecting service of process "when faced with an international e-business scofflaw." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002); *Cengage Learning, Inc. v. Doe 1* 2018 WL 2244461 at *5 (S.D.N.Y. Jan. 17, 2018) (email service appropriate under Rule 4(f)(3)); *Popular Enters., LLC v. Webcom Media Group, Inc*., 225 F.R.D. 560,563 (E.D. Tenn. 2004) (e-mail service permitted).

  The Defendants' email addresses are essential to operating their Online Storefronts. Defendants communicate with customers, receive order information, payment receipts, deposit confirmations through their email addresses. The maintenance of an active and monitored email



address is also required by the service providers as it is the means by which Etsy communicates with the Defendants regarding their accounts.

For the aforementioned reasons, Plaintiff respectfully requests that the Court permit Plaintiff to serve those Defendants residing in the United States, and any other Hague-Member country that has not objected to service of process through postal channels.

Lastly, Rachel Mihlstin – a third year law student – is presently working with Plaintiff's counsel as an extern and as part of a program with Ms. Mihlstin's law school. Plaintiff respectfully requests that the court permit Ms. Mihlstin to appear in this matter in accordance with this District's Plan for Student Practice in Civil Actions. Annexed hereto is the completed Law Student Appearance form.

Respectfully submitted,

Dmitry Lapin, Esq.

Application **GRANTED** in part and **DENIED** in part. The hearing on the motion for preliminary injunction shall be adjourned until **April 17, 2024, at 4:20pm**. Any Defendant seeking to modify or dissolve the TRO shall serve notice by **April 12, 2024**, and any opposing papers shall be filed by **April 15, 2024**. The restraints imposed by the March 18, 2024, order are **EXTENDED** and shall remain effect through **April 15, 2024**.

Plaintiff's request to serve Defendants by email is **DENIED** without prejudice. Plaintiff may resubmit the request with a showing of why alternative service via email comports with the Federal Rules of Civil Procedure and is either authorized by international agreement or not prohibited by international agreement. *See, e.g., Uipath, Inc. v. Shanghai Yunkuo Info. Tech. Co.*, No. 23 CIV. 7835 (LGS), 2023 WL 8600547, at *2 (S.D.N.Y. Dec. 12, 2023).

Plaintiff's request for a law student appearance is **GRANTED**. Ms. Mihlstin shall be accompanied at any proceedings by an attorney admitted to this Court in accordance with the Plan for Student Practice in Civil Actions.

Dated: April 1, 2024
  New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XYZ Corp.

V.

Individuals, et. al.,

No. 24-cv-1962-LGS

LAW STUDENT INTERN
APPEARANCE FORM

1. Law Student Certification

   I certify that:

   (a) I am duly enrolled in  University of New Hampshire Franklin Pierce  law school in accordance with part (c)(1) of the Student Practice Rule of the Southern District of New York.
   (b) I am receiving no compensation from the client in accordance with part (c)(6) of the Student Practice Rule of the Southern District of New York.
   (c) I am familiar and will comply with the Code of Professional Responsibility of the American Bar Association.
   (d) I am familiar with the federal procedural and evidentiary rules relevant to the action in which I am appearing.

   03/25/2024
   (date)

   *(signature)*
   (Signature of Student)

   Rachel Mihlstin
   (Print Name)

2. Certification of Law School Dean or Authorized Designee

   I certify that this student:

   (a) has completed at least two semesters of law school work and is a participant in an approved clinical program;
   (b) is qualified, to the best of my knowledge, to provide the legal representation permitted by this rule, and
   (c) that Dmitry Lapin                                  , who will serve as supervising attorney, is a participant in a clinical program approved by this school.

   March 25, 2024
   (date)

   *Lauren Berger*
   (Signature of Dean or Authorized Designee)

   Lauren Berger
   (Print Name)

   Assistant Dean for Students
   (Position of Above)

3. Consent of Supervising Attorney

As a member of the bar of the United States District Court for the Southern District of New York, I will:

(a) assume personal professional responsibility for this student's work;
(b) assist this student to the extent necessary;
(c) authorize this student to appear in court or at other proceedings, and to prepare documents, and
(d) appear with this student in all proceedings before the Court.

| March 29, 2024 | _____ |
|---|---|
| (date) | (Signature of Attorney) |

_____
Dmitry Lapin
(Print Name)

4. Consent of Client or United States Attorney

I authorize this student:

(a) to appear in court or at other proceedings on my behalf, and
(b) to prepare documents on my behalf.

I am aware that he/she is not admitted to the bar and that he/she will appear pursuant to the United States District Court, Southern District of New York, Student Practice Rule.

| March 29, 2024 | _____ |
|---|---|
| (date) | (Signature of Attorney) |

_____
XYZ Corp.,
(Print Name)

(If more than one client is involved, approvals from each shall be attached. If a class action is involved, approvals from named plaintiffs shall be attached.)

5. Consent of Judge

I authorize this student:

(a) to appear in court or other proceedings on behalf of the above client, and
(b) to prepare documents on behalf of the above client.

| | _____ |
|---|---|
| | (Signature of Judge) |
| Dated: April 1, 2024 | |
| New York, New York | _____ |
| (date) | (Print Name) |