```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
XYZ CORP.,                                                    :
                                        Plaintiff,            :
                                                              :    24 Civ. 1962 (LGS)
                    -against-                                 :
                                                              :           ORDER
THE INDIVIDUALS, PARTNERSHIPS AND                             :
UNINCORPORATED ASSOCIATIONS                                   :
IDENTIFIED IN SCHEDULE A,                                     :
                                        Defendants.           :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 15, 2024, Plaintiff initiated this action against 107 Defendants, alleging Defendants are infringing Plaintiff's trademark for its artwork.

WHEREAS, on April 2, 2024, Plaintiff filed a motion for alternative service under Federal Rules of Civil Procedure 4(e) and 4(f)(3) as to certain Defendants. The motion was granted on April 11, 2024.

WHEREAS, on June 3, 2024, Plaintiff filed a motion for alternative service as to one Defendant, BarclayStudioStore. The motion states that Defendant is a resident of Lithuania and that Plaintiff has attempted service through the Lithuanian Central Authority, but has been unable to effectuate service because Defendant's address is incorrect. The motion states that Lithuania is a signatory to the Hague Convention.

WHEREAS, Federal Rule of Civil Procedure 4(e) provides for service of process on an individual in the United States in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New York Civil Practice Law and Rules allows personal service "in such manner as the court, upon motion without notice, directs, if service is impracticable under" traditional

methods of service.  CPLR § 308(5).

WHEREAS, Plaintiff argues that traditional methods of service are impracticable here due to Defendant's address being unknown.  Plaintiff moves for service by registered email upon Defendant.  Courts have held that service via email in such circumstances is permissible.  *See, e.g., Fox Shiver, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships., & Unincorporated Ass'ns. Identified on Schedule A to Complaint*, No. 23 Civ. 1898, 2023 WL 4373308, at *2 (S.D.N.Y. Apr. 25, 2023); *Kaws Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships., & Unincorporated Ass'ns. Identified on Schedule A to Complaint*, No. 22 Civ. 9073, 2022 WL 17404520, at *1 (S.D.N.Y. Dec. 2, 2022).

WHEREAS, Federal Rule of Civil Procedure 4(f) provides three methods of service on an individual in a foreign country:  "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . or (3) by other means not prohibited by international agreement, as the court orders."  "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court."  *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 64 (S.D.N.Y. 2022).

WHEREAS, for Plaintiff's request to serve by registered email to be permissible, service via email must not be "prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3); *see Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1395 (S.D.N.Y. 2022).  When a request is made to serve via email, courts also look to whether international agreement prohibits postal service, as an analogue to email service.  *See Uipath, Inc. v. Shanghai Yunkuo Info. Tech. Co.*, No. 23 Civ. 7835, 2023 WL 8600547, at *2 (S.D.N.Y. Dec. 12, 2023) (noting that courts have held a country's "objection to postal service also

2

encompasses an objection to service via email"). Lithuania is a signatory to the Hague Convention. *See, e.g., Eastwood v. Sera Labs, Inc.*, No. 2:20 Civ. 6503, 2021 WL 5169292, at *4 (C.D. Cal. Feb. 19, 2021). In *Water Splash, Inc. v. Menon*, the Supreme Court held that the only permissible methods of service under the Hague Convention were those specified in it and that the Convention allows service of judicial documents via postal channels unless a country lodges an objection. 581 U.S. 271, 283 (2017).

WHEREAS, if a Defendant's address is unknown, the Hague Convention does not apply. *Safavieh Intl, LLC v. Chengdu Junsen Fengrui Tech. Co.-Tao Shen*, No. 23 Civ. 3960, 2023 WL 3977505, at *5 (S.D.N.Y. June 13, 2023) ("the Hague Convention applies only where the defendant's address is known."). "Courts in this Circuit have found that an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Id.*; *Smart Study Co.*, 620 F. Supp. 3d at 1391-92. Reasonable diligence may include instances "where the plaintiff researched defendant's websites associated with defendant's domain names, completed multiple Internet-based searched, called known phone numbers, and conducted in-person visits, where the plaintiff performed extensive investigation and issued subpoenas to the relevant domain registrars and email providers, and where a plaintiff has attempted to obtain the defendant's address in a variety of ways." *Smart Study*, 620 F.Supp.3d at 1392.

WHEREAS, here, Plaintiff has attempted service through the Lithuanian Central Authority at the address Defendant provided to Etsy, Inc. in connection to its online storefront. The Lithuanian Central Authority confirmed that the address is incorrect. Plaintiff also states that it has conducted further investigatory efforts to discover Defendant's address, including online research of Defendant's true name, business name, email address and physical address. This is sufficient diligence to find that Defendant's address is unknown. *See Pinkfong Co., Inc. v. Avensy Store*, No. 23 Civ. 9238, 2023 WL 8530159, at *3 (S.D.N.Y. Nov. 30, 2023) (holding addresses were unknown where defendants "display

false addresses on their Merchant Storefront," and plaintiff provided "details as to the reasonable diligence efforts taken to discover the true addresses of each Unknown Address Defendant."). Therefore, the Hague Convention does not apply.

WHEREAS, "[b]ecause the Hague Convention does not apply here, the Court considers whether the proposed service methods are sufficient to satisfy constitutional due process." *Kumar v. Alhunaif*, No. 23 Civ. 321, 2023 WL 8527671, at *3 (S.D.N.Y. Dec. 8, 2023). Email service "meet[s] the strictures of the Due Process Clause" in this case, which "requires only that the alternative means of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mattel, Inc. v. Animefun Store*, No. 18 Civ. 8824, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020). Plaintiff states that it has communicated with Defendant via email and thus it is reasonably likely that registered email to that addresses will reach Defendant. It is hereby

**ORDERED** that Plaintiff's request for alternative service is **GRANTED**.

Dated: June 3, 2024
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**