Dmitry Lapin, Esq. (NY, NJ, PA, and ME)
535 N. Church Street #304
West Chester, PA 19380
(917)-979-4570
dmitry@axenfeldlaw.com



Axenfeld Law Group LLC
Trademark - Patent - Intellectual Property Law

---

VIA ECF    June 10, 2024

Hon. Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   **XYZ Corp., v. Individuals; et. al.,**  (Dkt # 1:24-cv-01962-LGS)
      Motion for Extension of Time to Move for Default Judgment

*Application **GRANTED** in part and **DENIED** in part.  Plaintiff shall move for default judgment against the Turkish Defendants no later than October 18, 2024.  The initial pre-trial conference scheduled for July 3, 2024, is adjourned to **October 30, 2024, at 4:20pm**.  The deadlines to move for default judgment with respect to the other Defendants are unchanged.*

*Dated: June 11, 2024*
*New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dear Hon. Schofield:

This office represents Plaintiff in the above referenced copyright infringement action. On May 30, 2024, the Court directed that by June 12, 2024, Plaintiff is to move for Default Judgment as to any Defendant that has not answered or otherwise responded to the Complaint. [Doc. 63]. For the reasons set forth below, Plaintiff respectfully requests an extension of time to move for default judgment as to all Defendants.

On April 15, 2024, the Plaintiff requested that the Turkish Central Authority serve process on nine Defendants residing in Turkey. The Turkish Central Authority confirmed that service was completed for six of the nine Defendants, but it did not provide a certificate of service, only a letter indicating this status [Doc. 64]. The Plaintiff has attempted to communicate with the Turkish Central Authority to obtain the certificate of service but has not received a response. Based on prior experience with the Turkish Central Authority, it is likely that the Plaintiff will only be permitted to move for default judgment after six months have passed since the documents were transmitted to the Turkish Central Authority. *See*, Article 15, Hague Convention for Service of Process; *Zhang v. Baidu.com Inc*., 932 F. Supp. 2d 561, 565 (S.D.N.Y. 2013). Therefore, and assuming Plaintiff is unsuccessful in communicating with the Turkish Central Authority, Plaintiff will not be able to move for default judgment until at last October 15, 2024. Separately, Plaintiff is attempting to ascertain the status of service as to the other three Turkish Defendants. Otherwise, all remaining Defendants have been served.

Plaintiff respectfully submits that good cause exists for the Court extemd the deadline to file for default judgment for all Defendants until **October 18, 2024**. This extension would allow the six-month period, as described above, to elapse, thereby permitting judgment to be entered against the relevant Defendants. Additionally, the extra time would enable the Plaintiff to continue efforts to communicate with the Turkish Central Authority. Lastly, given the similarities in the claims against the Defendants, filing a single motion for all Defendants would be a more efficient use of judicial resources than moving for default judgment on several occasions.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Dmitry Lapin
Dmitry Lapin, Esq.