UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

Fox Shiver LLC

                    Plaintiff

                                                                                                           Case No: 1:24-cv-1962-LGS

    v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                    Defendants.

---------------------------------------------------------x

## ~~PROPOSED~~ DEFAULT JUDGMENT

THIS ACTION, having been commenced by Fox Shiver LLC ("Plaintiff") against the Defendants identified on Schedule A, and that certain Defendants identified in Appendix A to this Order have defaulted (collectively, the "Turkish Defendants"), who operated marketplace accounts through Etsy, Inc's ("Etsy") marketplace platform Etsy.com (the "Turkish Defendants' Online Storefronts) through which the Turkish Defendants commercially exploited one or more works of art, to which Plaintiff owns the copyrights in connection with physical products or digital files bearing/containing one or more Subject Works (the "Infringing Products") and Plaintiff having moved for entry of Default Judgment against the Turkish Defendants;

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against the Turkish Defendants that included an asset restraining order, for their offering for sale of the Infringing Products exploiting one or more of the following works of art owned by Plaintiff: 1) Not Today, or 2) Overthinking and also Hungary, and that certain

Turkish Defendants provided false copyright management information ("CMI") in connection with their Infringing Products ("Subject CMI Defendants").

Plaintiff, having properly completed service in accordance with the provisions of the Hague Convention on The Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), along with notice to the Turkish Defendants from Etsy, being reasonably calculated under all the circumstances to apprise the Turkish Defendants of the pendency of the action and affording them the opportunity to answer and present their objections;

None of the Turkish Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT FURTHER FINDS that it has personal jurisdiction over the Turkish Defendants because the Turkish Defendants transacted business within New York relating to by (a) contracting with New York based Etsy in relation to the operation of the Turkish Defendants' Online Storefronts, (b) the payment of fees to setup their Online Storefronts with Etsy, (c) the payment of fees to list products within the Turkish Defendants' Online Storefronts that infringe upon Plaintiff's copyrights to one or more of the Subject Works (the "Infringing Products"), and (d) the payment of fees to Etsy as commission on the sale of any Infringing Products;

THIS COURT FURTHER FINDS that it also has personal jurisdiction over the Turkish Defendants because the Turkish Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Turkish Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New

York residents can purchase products bearing counterfeit versions of products utilizing one or more of the Subject Works;

THIS COURT FURTHER FINDS that the Turkish Defendants are liable for willful copyright infringement under 17 U.S.C. § 101 et seq.;

THIS COURT FURTHER FINDS that the Group-A Subject CMI Defendants are liable for willful violations under 17 U.S.C. § 1202(a) et seq.;

THIS COURT FURTHER FINDS that the Group-B Subject CMI Defendants are liable for willful violations under 17 U.S.C. § 1202(a) et seq.;

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is GRANTED in its entirety, that Default Judgment is entered against the Turkish Defendants, as specified herein.

Accordingly, this Court ORDERS that:

1. The Turkish Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. Using the Subject Works, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, including the Infringing Products;

    b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Fox Shiver Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale pursuant to Plaintiff's copyrights to the Subject Works;

c. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. Further infringing Plaintiff's copyrights to the Subject Works and damaging Plaintiff's goodwill;

e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Subject Works, any reproductions, counterfeit copies, or colorable imitations thereof;

f. Using, linking to, transferring, selling, exercising control over, or otherwise owning an Online Storefront or other online market place account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products or other products bearing the Subject Works; and

g. Operating any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the Subject Works.

### **Disabling of Defendants' Online Storefronts**

2. Within five (5) days of receipt of this Order, Etsy, any domain name registry providing service to the Defendants and their Online Storefronts, and any other online service provider hosting or servicing a Defendants' Online Storefronts (collectively, the "Service Providers") are directed to:

  a. disable and cease providing services for any Online Storefront through which Defendants engage in the sale of Infringing Products, including any Online Storefronts associated with the Defendants listed on Schedule A to the Complaint (which is also attached hereto);

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

  c. take all steps necessary to prevent links to the Defendants' Online Storefronts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendants' Online Storefronts from any search index.

3. Those in privity with the Turkish Defendants, and with actual notice of this Order, including any online marketplaces such as Etsy, Amazon, eBay, PayPal, Wish, or Payoneer, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, shall within three (3) business days of receipt of this Order:

  a. disable and cease providing services for any accounts through which the Subject Defendants engage in the sale of counterfeit and infringing goods using the Subject Works;

  b. disable and cease displaying any advertisements used by or associated with Turkish Defendants in connection with the sale of counterfeit and infringing goods using the Subject Works; and

  c. take all steps necessary to prevent links to the Turkish Defendants' Online Storefronts from displaying in search results, including, but not limited to,

       removing links to the Turkish Defendants' Online Storefronts from any search index.

4. Etsy, and its related companies and affiliates shall, within three (3) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Turkish Defendants or the Turkish Defendants' Online Storefronts from transferring or disposing of any money or other of the Turkish Defendants' assets.

5. All banks, savings institutions, payment processors, money transmitters, and other financial institutions (collectively, the "Financial Institutions"), such as PayPal, Inc., Payoneer, Inc., Wise/Transfer Wise, Ping Pong Global Solutions, Inc., AllPay Limited, etc., shall, within three (3) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Turkish Defendants or the Turkish Defendants' Online Storefronts from transferring or disposing of any money or other of the Turkish Defendants' assets.

6. Pursuant to 17 U.S.C. §504, Plaintiff is awarded statutory damages from each of the Turkish Defendants, in the amount of fifty thousand dollars ($50,000.00);

7. In addition to the statutory damages awarded in paragraph 6, herein, and pursuant to 17 U.S.C. §1203(c), Plaintiff is awarded statutory damages from each of the Subject CMI Defendants, in the amount of seventeen thousand five hundred dollars ($17,500.00) per violation, as specified below:

    a. Defendant bydigitalworldshop - $35,000 for providing false CMI, by (1) applying its own watermark, and (2) ascribing its own terms and conditions on the use of the Subject Work, in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

    b. Defendant ChiccoCoDesign - $35,000 for providing false CMI, by (1) applying its own watermark, and (2) ascribing its own terms and conditions on the use of the Subject Work, in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

    c. Defendant SVGSHOPOXI - $35,000 for providing false CMI, by (1) applying its own watermark, and (2) ascribing its own terms and conditions on the use of the Subject Work, in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

8. All monies currently restrained in the Turkish Defendants' financial accounts, including monies held by Etsy and/or the Financial Institutions, are hereby released to Plaintiff as partial payment of the above-identified damages, and Etsy and the Financial Institutions are ordered to release to Plaintiff the amounts from the Turkish Defendants' account within ten (10) business days of receipt of this Order.

9. Until Plaintiff has recovered the full payment of monies owed by any Subject Defendant, Plaintiff shall have the ongoing authority to serve this Order on Etsy, any Financial Institution, and/or any other internet service provider, online marketplace platform, or other service provider in the event that any new accounts owned, controlled, or operated by any Subject Defendant is identified. Upon receipt of this Order, Etsy, any Financial Institution, and/or any other internet service provider, online marketplace platform, or other service provider shall within two (2) business days:

    a. Locate all accounts and funds connected to the Turkish Defendants, and the Turkish Defendants' Online Storefronts, including, but not limited to, any

accounts connected to the Turkish Defendants' Online Storefronts to which the Turkish Defendants may transfer funds;

b. Restrain and enjoin such accounts or funds form transferring or disposing of any money or other of the Turkish Defendants' assets; and

c. Release all monies restrained in the Turkish Defendants' accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

10. In the event that Plaintiff identifies any additional online marketplace accounts, storefronts, domain names, or financial accounts owned by any Subject Defendant, Plaintiff may send notice of any supplemental proceeding to the Subject Defendant by email at the email addresses identified by Plaintiff, and any email addresses provided by third parties as being owned or used by the Subject Defendant.

11. The Clerk of Court is directed to release and return the five thousand-dollar ($5,000) bond posted by Plaintiff.

Dated: December 9, 2024
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

APPENDIX A

a. Bydigitalworldshop
b. ChiccoCoDesign
c. GreenHouseTshirt
d. CozyCraftShirts
e. MASNUEVO
f. NovaBySafir
g. PrintySoul
h. SimpleSVGcraft
i. SVGSHOPOXI